IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**VILLAGE APARTMENTS COMPANY, L.P. a New Mexico Limited Partnership,**

 **Interpleader-Plaintiff,**

v.              No. CV-07-817 MCA/RLP

**ASSET SHELTERS GROUP, INC., a Wyoming corporation; HOWARD BALLEN; CAROL CAVALIER; LIONEL GOLD; RICHARD M. KAHN; HYMAN KAPLAN; YASH K. KHANNA; MARGARET L. MAZUR; DONALD SELISKI; EDMUND J. SHAFFER and DAVID SCHULTZ,**

 **Interpleader-Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR STAY OF DISCOVERY**

  Plaintiff, Village Apartments, Co., L.L.P. originally filed an interpleader action in the Eleventh Judicial District Court, State on New Mexico, on July 17, 2007, seeking resolution of disputed claims to the proceeds of the sale of an apartment complex in Farmington, New Mexico.

  This case was removed to this court on August 21, 2007 by seven of the nine individual Interpleader-Defendants. The stated basis for federal jurisdiction is diversity of citizenship and amount in controversy. [Docket No. 1]. The Corporate Interpleader-Defendant, Asset Shelters Group, Inc., ["ASGI," herein] answered the Complaint-in-Interpleader on September 18, 2007, filing at the same time a Counterclaim and Cross-Claims. [Docket No. 10]. ASGI alleges federal jurisdiction over its asserted cross claims based on diversity of citizenship and amount in controversy. [Docket No. 10, ¶ 13].

  On the same day that it filed its Answer, Counterclaims and Cross-Claims, ASGI filed a

Motion to Remand to the Eleventh Judicial District Court, pursuant to 28 U.S.C. §1447(c), alleging that removal was procedurally defective. [Docket No. 11]. The Motion to Remand is pending before Judge M. Christina Armijo.

The matter presently before me is ASGI's Motion to Stay Discovery Pending Ruling on Motion to Remand. [Docket No. 21]. ASGI has apparently filed this Motion to make "clear that it has not waived its right to remand." [Docket No. 21, ¶4]. No further authority or argument in support of the Motion to Stay is offered. Since the filing of this Motion, the parties have submitted a Joint Status Report and Provisional Discovery Plan [Docket No. 22], and the court has entered its Scheduling Order. [Docket No. 27].

Whether ASGI has waived objection to removal by the filing of its Counterclaims and Cross-Claims will be decided by Judge Armijo. The court will not infer waiver based upon ASGI's participating discovery. **Medlin v. Andrew** 113 F.R.D. 650, 652 (M.D.N.C.. 1987). A stay of discovery would cause additional, unnecessary delay. **Id**. Discovery pursued in a federal forum will not likely affect the conduct of discovery so as to harm anyone in the event the case is remanded. **Id**. Finally, while a stay might be appropriate where the motion for remand challenges the court's jurisdiction, **see Boggs v. Blue Diamond Coal Co.**, 432 F.Supp. 19 (E.D.Tenn.1987), here ASGI only alleges non-jurisdictional defects. Thus, ASGI's Motion for Stay of Discovery shall be and hereby is denied.

**IT IS SO ORDERED.**

Richard L. Puglisi
United States Magistrate Judge