## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**VILLAGE APARTMENTS COMPANY, L.P.,**
**a New Mexico Limited Partnership,**

    Interpleader-Plaintiff,

    vs.                                                    No. 1:07-cv-817 MCA/RLP

**ASSET SHELTERS GROUP, INC.**, **a**
**Wyoming Corporation; HOWARD**
**BALLEN; CAROL CAVALIER; LIONEL**
**GOLD; RICHARD M. KAHN; HYMAN**
**KAPLAN; YASH K. KHANNA;**
**MARGARET L. MAZUR; DONALD**
**SALESKI; EDMUND J. SHAFFER; and**
**DAVID SHULTZ,**

    Interpleader -Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Asset Shelters Group's Motion to*

*Remand* [Doc. 11], filed September 18, 2007.  Having considered the parties' submissions,

the relevant law, and otherwise being fully advised in the premises, the Court concludes that

the Motion should be GRANTED.

## I.      BACKGROUND

This is an interpleader action originally filed by Interpleader-Plaintiff Village

Apartments Company, L.P. ("Village Apartments") in state court.  Village Apartments

owned an apartment complex in Farmington, New Mexico.  It sold the complex in July 2007

for net proceeds in excess of $2.5 million.  Village Apartments believes that it is obligated

1

by law and the partnership agreement to distribute the proceeds among the partners according

to their relative ownership interests.  [Doc. 1-3 at 1–5.]

Shortly before the sale of the apartment complex, however, Village Apartments

received a written claim to a portion of the proceeds from Interpleader-Defendant Asset

Shelters Group, Inc. ("ASG").  ASG asserted that it had previously purchased the ownership

interests of several of the limited partners, and as a result, was the current owner of seventy-

five percent of the total limited partnership interest.  The limited partners, however, denied

the validity of the purported sale of their interests to ASG and asserted claims to the same

money.[1]  Faced with the conflicting claims of ASG on the one hand, and the limited partners

on the other, Village Apartments filed an interpleader action in state court on July 17, 2007,

requesting the court adjudicate the claims and discharge Village Apartments from all

liability.  Village Apartments' complaint listed ten limited partners and ASG as interpleader-

defendants.  [Doc. 1-3 at 1–5.]

On August 21, 2007, eight of the ten limited partner interpleader-defendants removed

the case to federal court:  Ballen, Cavalier, Gold, Kaplan, Khanna, Mazur, Shaffer, and

Schultz (the "Removing Defendants").  [Doc. 1.]  The other two limited partner defendants,

Kahn and Saleski, did not join in the removal.  ASG also did not join, and in fact refused to

consent to removal.  [Id. at 5.]  In their Notice of Removal, the Removing Defendants

---

[1]A 75% share of the limited partnership interest amounts to a 67.5% share of the entire
partnership.  [Doc. 1-3 at 2–3.]  Sixty-seven and one-half percent of the net proceeds of $2.5 million is
approximately $1.7 million (the "Disputed Proceeds")—the amount claimed by both ASG and the limited
partners.  [Id.]

claimed that Kahn's and Saleski's consent to removal was not required because they had neither been served with the complaint nor agreed to waive service of process.  [Id. at 7.]  The Removing Defendants asserted that ASG's consent also was unnecessary because ASG, whose claim is adverse to the limited partners' claims, should be realigned as a plaintiff.  [Id. at 5–6.]

ASG moves to remand the case to state court on the grounds that the failure of Khan and Saleski to consent renders the removal procedurally defective.[2]  According to ASG, Khan and Saleski both had been served with the summons and complaint prior to removal, despite the Removing Defendants' representations to the contrary.

The Removing Defendants make several arguments in response.  First, they argue that ASG has waived its right to seek remand by affirmatively invoking federal jurisdiction.  Second, they argue that Saleski and Kahn are nominal parties whose consent was not required.  Third, they claim that  Saleski's and Kahn's consent was not needed because they had neither waived nor accepted service of process prior to removal.  Finally, they claim that Saleski and Kahn did, in fact, consent to removal.

The Court concludes: (1) ASG has not waived its right to seek remand; (2) Saleski is a nominal party, but Kahn is not a nominal party; (3) the Removing Defendants have not met their burden of showing that Kahn was not served with process and did not waive or accept

---

[2]The Removing Defendants claimed in the Notice of Removal that ASG should be realigned as the plaintiff and that its consent to removal therefore is irrelevant.  [Doc. 1 at 5–6.].  ASG does not challenge this claim and the Court assumes, for purposes of this motion, that ASG was not required to consent to removal.

service of process; and (4) Kahn did not effectively consent to removal.

## II.    LEGAL STANDARDS

The removing party has the burden of showing that removal was properly accomplished. *McShares, Inc. v. Barry*, 979 F.Supp. 1338, 1342 (D. Kan. 1997). Any doubts should be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Removal in this case was based on diversity jurisdiction. 28 U.S.C. § 1441(a) states that "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants...." Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and the dispute is between citizens of different states. Id. § 1332(a)(1). There is no question that the requirements of diversity jurisdiction are satisfied here.

The federal courts have universally interpreted section 1441 as requiring all defendants over whom the state court has acquired jurisdiction as of the time of removal to join in the removal. 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3731 (3d ed. 1998). Where there are multiple defendants, all defendants served at the time of filing must join in the notice of removal. *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Pressmen Local 349*, 427 F.2d 325 (5th Cir. 1970)). Though this so-called "unanimity rule" is not jurisdictional, it is a procedural requirement that is well-established and strictly enforced. *See McShares, Inc.*, 979 F.Supp. at 1342–43. If a party that is required to join the removal fails to do so, the

cause must be remanded to state court. *Tri-Cities*, 427 F.2d at 326.

An exception to the unanimity rule exists for parties that are "nominal." "[N]ominal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." *Tri-Cities*, 427 F.2d at 327.

## III.   ANALYSIS

### A.   Did ASG waive defects in removal procedural?

Defects in removal procedure, which are not jurisdictional, can be waived. *Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1093–94 (10th Cir. 1970) (plaintiff who did not object to removal and proceeded to file numerous motions in federal court waived defective removal). The failure of all defendants to properly join in the removal proceedings is a procedural defect that can be waived. *Payne* ex rel. *Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006).

The Removing Defendants argue that ASG has waived its right to remand by placing claims for affirmative relief before the Court.  [Doc. 15 at 2.]  According to the Removing Defendants, counter- and cross-claims filed by ASG demonstrate that it has acquiesced to federal jurisdiction.  The Court disagrees.

A party who undertakes affirmative action in the federal district court may be found to have waived any objections to removal. *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 904 (6th Cir. 1988).  There is no bright line rule defining what qualifies as "affirmative action" sufficient to constitute acquiescence, however, a helpful description of the principle has been stated as follows:

> To constitute a waiver or consent to the federal court's assumption of jurisdiction ...
> there must be affirmative conduct or unequivocal assent of a sort which would render
> it offensive to fundamental principles of fairness to remand, as where the party
> seeking remand has been unsuccessful in litigation of a substantial issue, such as the
> right to a jury trial or the right to take depositions or has filed an amended complaint
> seeking further or different relief from the federal court.

*Beard v. Lehman Bros. Holding Co.*, 458 F.Supp.2d 1314, 1323 (M.D. Ala. 2006) (ellipses

in original)(citation omitted).  For example, where a plaintiff vigorously briefs and argues

a substantive motion and presses for remand only after receiving an unfavorable ruling, it

may be found to have waived a defective removal.  *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d

525, 528 (8th Cir. 1996).  The district court has broad discretion in deciding whether a party

has waived its right to object to procedural irregularities.  *Lanier*, 843 F.2d at 904.

The question here is whether ASG has waived its right to seek remand by filing

counter- and cross-claims against Village Apartments and the limited partner defendants in

federal court.  ASG filed its *Answer to Interpleader Complaint, Counterclaim and Cross-*

*Claims* [Doc. 10] on September 18, 2007, the same day it moved to remand.  [Doc. 11.]

ASG's counter-and cross-claims seek two types of relief: (1) a declaration that it is entitled

to 67.5% of the proceeds from the sale of the apartment complex, *i.e.*, the Disputed Proceeds;

and (2) a constructive trust over the proceeds of the sale of the apartment complex.  [Doc.

10 at 9–10.]

Though ASG describes the allegations supporting its claim in greater factual detail

than did Village Apartments' interpleader complaint, ASG does not seek any relief beyond

what it would otherwise obtain were it to prevail in the interpleader action.  ASG's claims,

though perhaps redundant, do not expand the scope of the lawsuit or alter its character.  The claims merely set forth ASG's position regarding the disputed funds.  The Court concludes that asserting these claims in the context of this interpleader action does not rise to the level of affirmative action sufficient to constitute waiver.

This case is distinguishable from *American Oil Company v. McMullin* where the plaintiff waived a procedural defect in removal by failing to object to it and then participating in the removed case by filing several motions.  *McMullin*, 433 F.2d at 1093.  ASG objected to removal from the outset and timely filed a motion to remand concurrently with its answer.  [Docs. 10, 11.]  Furthermore, ASG did not engage in any motion practice before moving to remand.

*Bernstein v. Lind-Waldock & Company*, cited by the Removing Defendants, also is distinguishable.  The defendants in *Bernstein* removed based on the idea that the plaintiff's complaint alleged a violation arising under federal law.  *Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179, 183–84 (7th Cir. 1984).  On appeal, the Seventh Circuit held that the defendants' characterization of the complaint was plausible but erroneous, and the case therefore was not removable in the first instance.  *Bernstein*, 738 F.2d at 184–85.  The plaintiff however, after objecting to removal, filed an amended complaint asserting an unmistakable federal cause of action essentially abandoning his position that federal jurisdiction was lacking.  By filing an amended complaint that included a federal claim, the plaintiff affirmatively created grounds for federal jurisdiction.  *Bernstein*, 738 F.3d at 186.  The Seventh Circuit accordingly concluded that he could not complain on appeal that the

case had been improperly removed.  *Bernstein*, 738 F.3d at 186.

Unlike the plaintiff in *Bernstein*, who affirmatively invoked federal jurisdiction by curing the very defect of which he complained, ASG has not taken a position that is inconsistent with its objection to removal.  Contrary to the Removing Defendants' argument, ASG's recitation of diversity jurisdiction is not inconsistent with its motion to remand.  ASG does not claim that federal jurisdiction is lacking.  Its objection is to a defect in removal procedure.

Considering that this is an interpleader action, in which the parties necessarily must set forth the basis of their claim to the disputed funds, ASG's counter- and cross-claims cannot be characterized as new or different from the original pleading.  ASG's claims elaborate the factual basis of the lawsuit, but do not alter its character.  Although ASG might have  utilized a more appropriate procedural vehicle to assert its claim to the disputed funds, asserting it in the form of counter- and cross-claims is not affirmative conduct of the sort that constitutes acquiescence in these circumstances.  Accordingly, the Court concludes that ASG has not waived its right to object to defects in removal procedure.

### B.      Were Saleski and Kahn required to join in the removal?

#### 1.      Nominal Party Exception

Because application of the nominal party exception to this case renders some arguments moot, the Court considers it first.  The Removing Defendants argue that both Saleski and Kahn are nominal parties because neither is asserting a claim to the disputed funds and both have affirmatively stated that they do not intend to be involved in the case.

[Doc. 15 at 8.]  ASG argues that Saleski and Kahn are not nominal parties because both were named as defendants in the complaint and judgment cannot be entered in their absence.

The test of whether a party is nominal is whether the court can, in the absence of the party, enter final judgment "consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff."  *Tri-Cities*, 427 F.2d at 327 (quotation marks and citation omitted).  The burden of establishing that a defendant is nominal is on the removing party.  *Farias v. Bexar County Bd. of Trs.*, 925 F.2d 866, 871 (5th Cir. 1991).

This is an interpleader action based on the adverse and competing claims between ASG and a group of limited partners.  Under both the federal and state interpleader rules, persons "having claims against the plaintiff" are proper defendants to an interpleader action.  Fed.R.Civ.P. 22(1); Rule 1-022A NMRA 2007.  The Removing Defendants thus bear the burden of establishing that Saleski and Kahn do *not* have claims against Village Apartments.

This burden has been met with respect to Saleski.  Although Saleski was named as a defendant and potential claimant in Village Apartments' interpleader action, he subsequently made clear that he has assigned his rights to ASG.  He thus cannot be considered an adverse claimant.  In lieu of an answer to the complaint, Saleski executed a document entitled "Acknowledgment of Donald Saleski" in which he disclaims any interest in the disputed funds.  [Doc. 11-4 at 2.]  The document was signed under oath on August 6, 2007, two weeks before the case was removed.  In his "Acknowledgment," Saleski declares that he has no claim to the disputed funds because he previously assigned his partnership interest to ASG. [Id.]

ASG's argument that Saleski's presence is necessary is without merit.  As an assignor, he is not an indispensable party to a dispute over the assigned property.  *See Prod. Credit Ass'n of S. N.M. v. Alamo Ranch Co.*, 989 F.2d 413, 417 (10th Cir. 1993).  Accordingly, Saleski is a nominal party who unequivocally relinquished his claim prior to removal and who therefore was not required to join in the removal.

The Removing Defendants have failed to demonstrate that Kahn is a nominal party. Interpleader-Defendant Hyman Kaplan avers in an affidavit that he spoke to Kahn prior to removal of the action and "Dr. Kahn stated that he did not intend to participate in the present litigation." [Doc. 15-2 at 8.]  Attached to Mr. Kaplan's affidavit is an email purportedly from Kahn which includes the statement: "I have chosen to be finished with this project."  [Id. at 10.]

This is not sufficient to demonstrate that Kahn is a nominal party.  Though Kahn may decline to participate in the proceedings, there is nothing in the record from which the Court can conclude that he, like Saleski, has assigned away any interest he may have in the disputed funds.  The Removing Defendants have produced no evidence demonstrating that Kahn is not entitled to a portion of the disputed funds, and there is nothing in the record that binds him one way or the other.  Kahn's email stating that he has "chosen to be finished with this project" does not reflect the type of unequivocal and potentially binding disclaimer set forth in Saleski's sworn and notarized Acknowledgment.  Contrary to the Removing Defendants' argument, Kahn's failure to enter an appearance or attend a hearing conducted by the state court judge prior to removal does not establish that he is a nominal party.  A

10

defendant that is willing to suffer default rather than participate in the litigation is not nominal by that reason alone. *See GMFS, LLC v. Bounds*, 275 F.Supp.2d 1350, 1353 (S.D. Ala. 2003). Until default is entered against Kahn, he potentially may appear and assert a claim. In the absence of evidence demonstrating that any legal right Kahn may have to the disputed funds has been relinquished or extinguished, the Court declines to conclude that he is a nominal party.

### 2.    Service of Process on Kahn

Because Kahn is not a nominal party, he was required to join the notice of removal unless he had not been served with process at the time the case was removed.[3] The burden is on the Removing Defendants to show that the state court had not acquired jurisdiction over Kahn prior to removal.

The Notice of Removal states "on information and belief" that Kahn has not been served nor agreed to waive service of process. [Doc. 1 at 7.] ASG asserts, however, that the Removing Defendants are mistaken and that on July 18, 2007, Village Apartments served a copy of the summons and complaint on all defendants by mail pursuant to Rule 1-004(E)(3) of the New Mexico Rules of Civil Procedure.

New Mexico law provides that "[p]rocess shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Rule

---

[3]Since the Court has determined that Saleski is a nominal party, he was not required to consent to removal. Therefore, the parties' arguments regarding whether he was served with or waived process are moot.

1-004E(1) NMRA.  Service may be made by mail or commercial courier so long as the

envelope is properly addressed to the named defendant and the defendant or a person

authorized to accept service on his behalf signs a receipt for the package containing the

summons and complaint.  Rule 1-004E(3).  Whether process was served in a manner

reasonably calculated to bring the proceedings to the defendant's attention depends on the

facts and circumstances of each case.  *Moya v. Catholic Archdiocese of N.M.*, 755 P.2d 583

(N.M. 1988).

The Removing Defendants and ASG both agree that Gary Risley, counsel for Village

Apartments, sent a package containing the summons and a copy of the complaint to each of

the Interpleader-Defendants, including Kahn, on July 18, 2007.  [Doc. 11-2 (Risley Aff. of

Service); doc. 15-2 at 5 (Aff. of Adam Lyons).]  The package included a form entitled

"Notice and Acknowledgment of Receipt of Summons and Complaint" that each recipient

was requested to sign and return to Mr. Risley in an enclosed postage pre-paid envelope.

A letter sent to Kahn states that the summons and complaint are enclosed, and

explains the premise of the lawsuit.  [Doc. 15-2 at 11-14.]  The letter also requests Kahn

waive formal service, thereby benefitting the partnership by reducing the overall cost of

litigation.  [Id.]  The letter explains that Kahn may indicate waiver of service by signing the

enclosed form and returning it to Mr. Risley.  [Id.]  Dr. Kahn did not sign the form, but did

return it to Mr. Risley, who received it no later than August 7, 2007.  [Doc. 11-3 (showing

date received of July 31, 2007); doc. 15-2 at 6.]

These facts, which are undisputed, raise doubt regarding the Removing Defendants'

claim that Kahn did not waive or accept service. The Removing Defendants argue that Kahn's failure to sign the acknowledgment of service form demonstrates that he did not waive service of process. [Doc. 15 at 5–6.] Their focus on the absence of a signature on the acknowledgment form, however, ignores that by simply returning the form Kahn may have manifested a voluntary waiver of compliance with the technical requirements of service by mail. Rather than ignore the package, Kahn opened it and mailed the acknowledgment form—albeit unsigned—back to plaintiff's counsel. The affirmative act of returning the form arguably can be construed as acknowledging receipt of the package.

Furthermore, the form that the Removing Defendants characterize as a request for a waiver of service is actually an acknowledgment that summons and complaint have been received. [Doc. 11-3.] This form is a relic that was rendered obsolete by 2005 amendments to Rule 1-004. Rule 1-004 comm. cmt. (2007). A plaintiff no longer need obtain a signature on the acknowledgment form to prove that service was accepted.[4] Thus, waiver of service is not negated merely because Kahn did not sign the acknowledgment form.

The Removing Defendants argue that Mr. Risley's cover letters requesting waiver of

---

[4]Prior to 2005 amendments to the New Mexico Rules of Civil Procedure, Rule 1-004 required defendants to accept service by mail and to affirmatively manifest acceptance by signing an acknowledgment in the form prescribed by the Rule and return it to the sender. Rule 1-004E NMRA 2005 (amended 2005). If the defendant failed or refused to sign and return the form, the court could require the defendant to bear the cost of personal service. Id. This procedure has been abolished. Now, for service by mail to be effective, it is "no longer necessary that the defendant open the mailed packet containing the summons and complaint and then voluntarily choose to accept service by returning a signed Receipt of Service of Summons and Complaint as formerly was required." Rule 1-004 comm. cmt. NMRA 2007. Instead, service is accomplished when the defendant, or a person authorized to accept service on his behalf, signs a receipt for the package. Rule 1-004E NMRA 2007. The Rules Committee comment explains that the reason for eliminating the form is to provide a "much-simplified method of service by mail." Id. comm. cmt.

service suggest that Village Apartments did not intend to accomplish service by mail.  [Doc. 15 at 7].  However, the claim that Village Apartments did not intend to accomplish service by mail is contradicted by Mr. Risley's "Affidavit of Service," which affirmatively states that Mr. Risley served the defendants "by mail" on July 18, 2007, the same date as Mr. Risley's letter to the defendants.  [Doc. 11-2.]  Furthermore, Mr. Risley's request for a "waiver"[5] of service would not have prevented Village Apartments from perfecting service by mail in accordance with Rule 1-004, or in some other manner.

The Removing Defendants take issue with a copy of a postal receipt submitted by ASG in support of its claim that service on Kahn was accomplished in accordance with Rule 1-004(E), which deems service by mail is complete when the defendant or a authorized to accept service for him signs a receipt for the package containing the summons and complaint.[6]  The postal receipt is signed by "Suzanne Kahn," a person ASG claims is authorized to accept service on behalf of Kahn.  [Doc. 14 at 1; doc. 14-2.]

The Removing Defendants argue that ASG has failed to produce a sworn statement from Kahn to show that Suzanne Kahn is a person authorized to accept service for him.  This argument is unpersuasive.  Even if Suzanne Kahn was not authorized to accept service on his behalf, service nevertheless may be deemed adequate if Kahn demonstrated his acceptance

---

[5]The New Mexico Rules of Civil Procedure do not contemplate "waiver" of service as do the federal rules.  There is no provision in the New Mexico rules analogous to Rule 4(d) of the Federal Rules of Civil Procedure.

[6]In a footnote, the Removing Defendants object to this supplemental document and request that it be stricken from the record.  [Doc. 15 at 6, n.4.]  The Court denies the Removing Defendants' request.  They had the opportunity to address this document in their response brief and are therefore not prejudiced by its inclusion in the record.

14

of service, as discussed above, by opening the package and voluntarily returning the form.[7]

The Removing Defendants also argue that ASG has failed to establish that Kahn was served because proof of service had not been filed with the state court at the time of removal. As the Removing Defendants point out, the New Mexico Rules of Civil Procedure require the party obtaining service to promptly file proof of service with the court. Rule 1-004L. However, Rule 1-004 also states that "[f]ailure to make proof of service shall not affect the validity of service." Rule 1-004 NMRA 2007. Thus, the Removing Defendants cannot meet their burden of demonstrating that Kahn was not served by pointing to the absence of proof of service in the state court record.

In sum, although the record here does not establish unequivocally that Kahn waived or accepted service, it does suggest that the state court had acquired jurisdiction over Kahn prior to removal. The burden is on the Removing Defendants to prove otherwise. By arguing that ASG has failed to supply a sworn statement from Kahn, the Removing Defendants improperly attempt to shift the burden to ASG. The burden, however, lies with the Removing Defendants to establish that removal was proper which, in this case, means proving that Kahn had not accepted or waived service prior to removal. Since any doubts must be resolved in favor of remand, the Court finds that the Removing Defendants have failed to meet their burden and concludes that Kahn's consent was required to remove the case to federal court.

---

[7]The postal receipt thus is not critical to the Court's analysis, but it does corroborate ASG's contention that the package containing the summons and complaint mailed by Mr. Risley was received and signed for at Dr. Kahn's address. The Removing Defendants have put forth no evidence to contrary.

### C.    Did Kahn consent to removal?

The final question presented by the parties is whether Kahn did in fact consent to removal. The email from Kahn attached to Hyman Kaplan's affidavit contains the statement: "I have no objection to moving the trial to Federal Court." [Doc. 15-2 at 10.] This is not sufficient to demonstrate consent.

This District adheres to the majority rule that consent to removal must be clearly and timely communicated to the Court. *Vasquez v. Americano U.S.A., LLC*, 536 F.Supp.2d 1253, 1257–58 (D.N.M. 2008). This requirement means that "defendants who do not sign the actual notice of removal must file an independent and unambiguous notice of consent to join in the removal" within the thirty-day period applicable to the notice of removal. *Vasquez*, 536 F.Supp.2d at 1259.

Kahn has never filed an independent and unambiguous consent to join in the removal. The email that purports to be from Kahn is not sufficient because it is neither signed nor filed by him. Furthermore, it was included as one of several of the Removing Defendants' exhibits filed more than two months after the basis for federal jurisdiction was apparent. It is therefore untimely. The Court accordingly concludes that Kahn did not consent to removal in the manner required.

## IV.    CONCLUSION

The Court concludes that ASG's motion should be **GRANTED**.

**IT IS, THEREFORE, ORDERED** that *Asset Shelters Group's Motion to Remand* [Doc. 11] is **GRANTED** and this matter is hereby remanded to the Eleventh Judicial District

Court, County of San Juan, State of New Mexico, pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED** this 29th day of April 2008**,** in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge